Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
(619) 233-7770
(619) 297-1022

Albert R. Limberg (SBN 211110)
**LAW OFFICES OF ALBERT R. LIMBERG**
3667 Voltaire Street
San Diego, CA 92106
Phone: 619-344-8667
Fax: 619-344-8657
alimberg@limberglawoffice.com

Attorneys for Robert Paladino and Judy Wnek

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Paladino and Judy Wnek,<br><br>                    Plaintiffs,<br>v.<br><br>Medical Billing Services, LLC<br><br>                    Defendant. | Case No: '14CV2364 W    MDD<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

**INTRODUCTION**

1. Robert Paladino and Judy Wnek, (Plaintiffs), through their attorneys, bring this action to challenge the actions of Medical Billing Services, LLC, ("MBS" or "Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damage.

2. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Any violations by Defendant was knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

6. Jurisdiction of this Court arises pursuant to general state jurisdiction.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

8. Plaintiff Robert Paladino is a natural person who resides in the City of San Diego, County of San Diego, State of California.

9. Plaintiff resides in San Diego County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

10. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Plaintiff Robert Paladino received a phone call

1  from Defendant, Robert Paladino was physically located in the City of San
2  Diego, County of San Diego, State of California.
3  11. Because a substantial part of the events or omissions giving rise to the claim
4  occurred in San Diego County, venue is proper pursuant to 28 U.S.C. §
5  1391b(2).
6  12. At all times relevant, Defendant conducted business within the State of
7  California.

## PARTIES

9  13. Robert Paladino is a natural person who resides in the city of San Diego, State
10  of California.
11  14. Mr. Paladino is a United States Army veteran, and has been diagnosed with
12  post-traumatic stress disorder.
13  15. Because of his post-traumatic stress disorder, Mr. Paladino has taken steps to
14  restructure his lifestyle in order to reduce stress, at the instruction from his
15  doctors.
16  16. Mr. Paladino is a "disabled person" as that term is defined by California Civil
17  Code § 1761.
18  17. Plaintiff Judy Wnek is a natural person who resides in the city of
19  Cheektowaga, State of New York.
20  18. Judy Wnek is Robert Paladino's mother.
21  19. Defendant MBS is a California LLC with its principle place of business in
22  Monrovia, California.
23  20. Plaintiffs are obligated or allegedly obligated to pay a debt, and are
24  "consumers" as that term is defined by 15 U.S.C. § 1692a(3).
25  21. Defendant is a person who uses an instrumentality of interstate commerce or
26  the mails in a business the principal purpose of which is the collection of
27  debts, or who regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

22. Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and are "debtors" as that term is defined by California Civil Code § 1788.2(h).

23. Defendant, in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore is a debt collector as that term is defined by California Civil Code § 1788.2(c).

24. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

### CALLS TO ROBERT PALADINO

25. Sometime before March 2013, Mr. Paladino is alleged to have incurred certain financial obligations to UC San Diego Health System for a personal medical debt.

26. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

27. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

28. Sometime thereafter, but before March 2013, Mr. Paladino allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiffs currently take no position as to the validity of this alleged debt as this is irrelevant to this action.

29. Subsequently, but before March 2013, the alleged debt was assigned, placed, or otherwise transferred, to MBS for collection.

30. On or about March 2013 and continuing through April 2014, MBS repeatedly telephoned Mr. Paladino on his cellular telephones, always demanding payment of the alleged debt. Defendant placed multiple calls per day to Mr. Paladino. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

31. The March 2013 communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

32. MBS spoke with Mr. Paladino on numerous occasions, each time failing to advise Mr. Paladino that it was a debt collector and instead stating they were representatives of UC San Diego.

33. On more than one occasion, on or about, January 2014, Mr. Paladino told MBS to stop calling him. Mr. Paladino further advised MBS that he was an Army Veteran with post-traumatic stress disorder and these calls were causing him more stress.

34. MBS consciously disregarded Mr. Paladino's request, and continued calling him on his cell phone for the purposes of harassment. MBS knew Mr. Paladino did not want to be called, and MBS's representative conceded as much when the representative told Mr. Paladino that MBS called to give him another chance to make a payment on the account.

35. Through these actions, Defendant placed a telephone call without meaningful disclosing of the caller's identity. Consequently, Defendant violated 15 U.S.C. § 1692d(6).

36. Through these actions, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

37. Through these actions, Defendant caused a telephone to ring repeatedly or continuously to annoy the person called. Consequently, Defendant violated Cal. Civ. Code § 1788.11(d). Through this conduct, Defendant communicated, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances. Consequently, Defendant violated Cal. Civ. Code § 1788.11(e).

38. Through these actions, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

39. These actions have exacerbated Mr. Paladino's post-traumatic stress disorder including causing sleeplessness, anger, added stress and feelings of hopelessness and depression.

40. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

### CALLS TO JUDY WNEK

41. Despite having already contacted Mr. Paladino, MBS placed multiple calls to as well as left messages for Plaintiff's mother, Judy Wnek. At least one such

message indicated the call was about a medical bill owed by Robert Paladino. Prior to receiving these calls from MBS, Ms. Wnek was not aware of the alleged debt.

42. MBS's representatives advised Ms. Wnek that Mr. Paladino was not paying his bills, and subsequently tried to collect payment from Ms. Wnek by telling her that she should pay his bills. Ms. Wnek is not responsible for the alleged debt.

43. Through these actions, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and stated that the consumer owed a debt.  Consequently, Defendant violated 15 U.S.C. § 1692b(2).

44. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692c(b).

45. Through these actions, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Defendant violated 15 U.S.C. § 1692f(1).

46. Through these actions, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

47. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

48. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.
49. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.
50. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from defendant.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

51. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.
52. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32
53. As a result of each and every violation of the Rosenthal Act, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's

fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).
- Treble damages pursuant to California Civil Code § 3345.
- For such further relief the Court deems necessary, just and proper.

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART**

Date: October 7, 2014         By: _s/Joshua B. Swigart_
                                  Joshua B. Swigart
                                  Attorneys for Plaintiffs